UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSHUA I. MARTINEZ,

    Plaintiff,

v.                                     Case No.: 2:22-cv-350-SPC-NPM

KRISTEN KANNER, MELINDA
MASTERS, COURTNEY JONES
and MICHELLE FEISZLI,

    Defendants.

                             /

## **OPINION AND ORDER**[1]

Before the Court is Joshua I. Martinez's Request to Proceed as a Conscientious Objector (Doc. 1), which the Court construes as a civil rights complaint. Martinez moved to proceed *in forma pauperis*, so the Court must review the complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. 1915(e)(2).

Martinez is a civil detainee at the Florida Civil Commitment Center (FCCC), a facility that houses and treats sexually violent predators after their

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

terms of incarceration.  See *Pesci v. Budz*, 730 F.3d 1291, 1299 (11th Cir. 2013). As part of his treatment, Martinez is in a "Disclosure and Discovery" therapy group, which requires Martinez to recount the victimization of those he sexually abused to a group of other FCCC residents before moving on to the next phase of treatment.  (Doc. 1 at 3).  Martinez is not comfortable with this requirement, and he wants the Court to "grant that petitioner may proceed in treatment as a conscientious objector to 'Disclosure and Discovery' therapeutic group sessions."  (*Id.* at 7).

It is not clear what Martinez wants from this action.  A "conscientious objector" is a person deemed exempt "from combatant training and service in the armed forces of the Unites States" because his or her "religious training and belief are conscientiously opposed to participation in war in any form." *United States v. Seeger*, 380 U.S. 163 at 164-65 (1965).  That term has no relevance here.  Setting it aside and reading the complaint liberally, the Court assumes Martinez wants an order allowing him to progress in FCCC treatment without participating fully in the Disclosure and Discovery sessions.

Martinez alleges Defendants are violating his First and Fourteenth Amendment rights.  The First Amendment claim is a nonstarter.  Martinez points to the right to assemble, but he has not alleged any plausible—or even possible—infringement of that right.  The Fourteenth Amendment guarantees Martinez, as a committed civil detainee, "reasonably safe conditions of

2

confinement, freedom from unreasonable bodily restraints, and such minimally adequate training or 'habilitation' as reasonably may be required by these interests." *Pesci,* 730 F.3d at 1298 (quoting *Youngberg v. Romeo,* 457 U.S. 307, 314-19)). When balancing a detainee's liberty interests against the relevant state interests, "courts must show deference to the judgment exercised by a qualified professional." *Id.* (quoting *Youngberg,* 457 U.S. at 322). Courts need only "make certain that professional judgment in fact was exercised." *Id.* (quoting *Youngberg,* 457 U.S. at 321).

Martinez has not pled a plausible violation of his Fourteenth Amendment rights. FCCC officials "may justify a civil detention regulation based on its valid, rational connection to legitimate interests in…the rehabilitation and treatment of civil detainees[.]" *Id.* at 1298. The requirement that Martinez participate in "Discovery and Disclosure" group therapy sessions clearly is rationally related to his treatment and rehabilitation. Martinez alleges no facts plausibly suggesting that Defendants declined to exercise their professional judgment in adopting the requirement.

What is more, Martinez seeks relief the Court cannot grant. If the Court's liberal interpretation of the complaint is correct, Martinez asks the Court to micromanage his treatment and rehabilitation by overriding Defendants' professional judgment. Supreme Court precedent prohibits the Court from becoming "enmeshed in the minutiae of [FCCC] operations." *Lewis*

3

*v. Casey*, 518 U.S. 343, 362 (1996) (citation omitted). This Court cannot insert its judgment into FCCC therapy sessions and tell Defendants how to best treat and rehabilitate Martinez.

The Court will dismiss Martinez's complaint without prejudice because it does not state a plausible claim. Amendment appears futile because Martinez seeks relief the Court cannot grant. But if Martinez believes he can state a plausible claim consistent with this Order and request appropriate relief, he may file a new complaint, which will be assigned a new case number.

Accordingly, it is now

**ORDERED:**

Joshua I. Martinez's complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment for Defendants and against Plaintiff, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 22, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

4